UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LUMUMBA K. WOODS,

                Petitioner,

        -against-

SUPERINTENDENT, CAPE VINCENT
CORRECTIONAL FACILITY,


                Respondent.
-------------------------------------------------------------X

**FILED**
**CLERK**

5/20/2026 4:12 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM AND ORDER**
24-CV-7608 (GRB)

**GARY R. BROWN, United States District Judge:**

Petitioner Lumumba K. Woods ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence for Second Degree Assault and Driving While Intoxicated in the Supreme Court of the State of New York, County of Nassau County (the "state court"). On this petition, Petitioner raises claims that largely center on the question of purported ineffective assistance of counsel, even though Petitioner represented himself at trial and on appeal—where he failed to exhaust his remedies. Upon the filing of this petition, his direct appeal was still pending. His petition includes claims that:

- one of his pretrial attorneys—who represented him for two months—provided ineffective assistance;

- his pretrial counsel had a "conflict" that was inadequately investigated by the state court; and

- the state court lacks adequate procedures to ensure that litigants do not waive their rights during the appeal process.

Docket Entry ("DE") 1.

1

Because each of these claims is procedurally barred and/or substantively without merit, and because none represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition is denied.

## I. BACKGROUND

A review of the petition, filings by the Respondent and the state court record reveals that the Petitioner was convicted by a jury after trial.  DE 8, ¶ 15.  Petitioner has not challenged the admissibility or sufficiency of the trial evidence on this Petition.[1]  Following the conviction, Petitioner was sentenced as a persistent felony offender to an incarceratory term of seven years. DE 8, ¶ 16.

Petitioner pursued a direct appeal in the state court system, which was pending at the time the petition was filed.  Though not mentioned by the parties, it appears that the Appellate Division issued a decision regarding the direct appeal on March 11, 2026.  *People v. Woods*, 251 N.Y.S.3d 341 (2d Dep't. 2026).[2]  Tangentially relevant to this petition was Petitioner's filing of a purported § 1983 action in this judicial district against four State Supreme Court justices, which action was dismissed based upon absolute judicial immunity.  *Woods v. Sturim*, No. 22-CV-4389 (JS)(AYS), 2022 WL 7566007, at *4 (E.D.N.Y. Oct. 13, 2022).  An appeal of that determination was dismissed by the Second Circuit which found it "lacks an arguable basis either in law or in fact."  *Woods v. Strurim,* No. 22-2868, 2023 WL 3167447, at *1 (2d Cir. Apr. 5, 2023).

---

[1] Notably, though not raised here, the Second Department "conduct[ed] an independent review of the weight of the evidence," and determined that "the verdict of guilt was not against the weight of the evidence." *People v. Woods,* 251 N.Y.S.3d at 343.

[2] The Court is unaware of whether this determination was appealed to the New York Court of Appeals and, if so, the status of any such proceeding.

## II. DISCUSSION

### A. Standard of Review

This petition is reviewed under the well-established standard of review of habeas corpus petitions, including the authority of this Court to review such matters, the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the exhaustion doctrine, the independent and adequate procedural bar, the cause and prejudice exception, AEDPA deference, the evaluation of claims of ineffective assistance of counsel and Brady violations and the liberal construction afforded to filings by *pro se* petitioners, as more fully discussed in *Licausi v. Griffin*, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), *appeal dismissed*, No. 20-1920, 2020 WL 7488607 (2d Cir. Nov. 17, 2020). The discussion of these principles set forth in *Licausi* is incorporated herein by reference.

### B. The Instant Petition

As noted, Petitioner seeks habeas relief on the following grounds: ineffective assistance of counsel, a purported conflict of his pre-trial counsel and a generalized attack upon the state court procedures to ensure that *pro se* litigants do not waive appellate rights. *See generally* Docket Entry ("DE") 1. Even according the petition the solicitous treatment afforded to *pro se* pleadings, none of the grounds raised support habeas relief. Some grounds are rooted in state law rights that are simply not cognizable on a habeas petition and/or were previously denied pursuant to an independent and adequate state law ground. These include Petitioner's claims regarding inappropriate prosecutorial comments, an issue not clearly raised here but addressed by the Second Department.[3]

---

[3] *United States v. Ferguson,* 676 F.3d 260, 283 (2d Cir. 2011) ("It is a 'rare case' in which improper comments . . . are so prejudicial that a new trial is required. Such comments do not amount to a denial of due process unless they constitute 'egregious misconduct.'") (alterations in original); *People v. Woods*, 251 N.Y.S.3d at 343 (finding issue not properly preserved for appeal,

3

To the extent that factually based claims were fully considered by the state court, such determinations must be given deference by this Court under the AEDPA.  For example, a thoughtful decision by the state court concerning Petitioner's ineffective assistance claims as to Mr. Groder makes many relevant factual findings.  DE 9-13.  Petitioner cannot proceed on claims that were not fully exhausted and hence subject to the procedural bar, as Petitioner has failed to demonstrate either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Particularly where, as here, Petitioner made a knowing, voluntary decision to represent himself *pro se* during the lion's share of the proceedings, and fails to articulate any prejudice resulting from Mr. Groder's brief involvement in the matter, Petitioner's claim of ineffective assistance of counsel does not warrant relief.[4]  While Petitioner attempts to articulate an actionable conflict with his prior counsel, counsel was relieved at an early stage of the proceedings, meaning Petitioner ultimately received all the relief to which he was entitled.

Finally, Petitioner's complaints concerning state court criminal appeal procedures are not cognizable on a habeas petition.[5]

---

largely meritless and noting "[t]o the extent that any of the challenged remarks were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial.").

[4] "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

[5] *See Patterson v. New York*, 432 U.S. 197, 201-02, (1977) ("[I]t is normally 'within the power of the State to regulate procedures under which its laws are carried out . . . ,' and its decision in this regard is not subject to proscription under the Due Process Clause unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" (citations omitted)); *see also Hurley v. Fischer*, No. 09-CV-1684 (CBA), 2012 WL 463895, at *6 (E.D.N.Y. Feb. 13, 2012) (holding that "whether the state court violated the terms of Penal Law § 70.20(a), which requires a court imposing an indeterminate sentence to 'commit the defendant to the custody of the state department of corrections,'" was not cognizable on habeas review).

Thus, the petition is denied in its entirety.

## IV. CONCLUSION

Because the Court has considered all of Petitioner's arguments and found them meritless, the petition is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). The undersigned certifies that any appeal of this Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: May 20, 2026
         Central Islip, New York

                                         /s/Gary R. Brown
                                         HON. GARY R. BROWN
                                         UNITED STATES DISTRICT JUDGE